**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**__________**

**SAMUEN BUTTARACHA,**

**Plaintiff,**

**v.** **No. CIV 09-1173 BB/LFG**

**JANET NAPOLITANO, Secretary of United States Department of Homeland Security; ALEJANDRO MAYORKAS, Director of United States Citizenship and Immigration Services; ELIZABETH LEE, Field Office Director of Albuquerque Field Office, United States Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**

**Defendant.**

## MEMORANDUM OPINION IN SUPPORT OF DISMISSAL

**THIS MATTER is before the Court on Defendants' (the Government) Motion to Dismiss [doc. 10], and the Court having reviewed all submissions of counsel, finds the Motion is well taken and must be Granted.**

### *Legal Standard*

**The Court's function on a Rule 12(b) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complain**

**alone is legally sufficient to state a claim for which relief might be granted."** ***Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Sutton v. Utah State School for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). A claim is subject to dismissal under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) when it appears beyond a dubt that the plaintiff can prove no set of facts in support of his [or her] to relief."** ***Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir. 2001), or when an issue of law is dispositive.** ***Neitzke v. Williams*, 490 U.S. 319, 326 (1989). All well-pleaded allegations must be accepted and construed in the light most favorable to the plaintiff.** ***Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).**

***Facts***

**Plaintiff Samuen Buttaracha is a native of Thailand. Buttaracha was admitted to the United States on July 16, 1997, as a Non-Immigrant Religious Worker R-1. He was granted lawful permanent resident status in the United States on September 5, 2000. Buttaracha filed his Application for Naturalization on September 1, 2005. On January 31, 2006, Plaintiff appeared for a naturalization interview and his naturalization application was approved.**

**On September 5, 2006, Buttaracha's case was reviewed and he was ordered to give a recorded sworn statement. Counsel for Buttaracha maintains he was not provided a required translator and initially misspoke but quickly corrected "when he left the monastery" as 2001.**

**Congress has specifically granted jurisdictional authority to federal district courts to review the denial of an application for naturalization. *Nogahi v. INS*, 219 F.3d 1166, 1168-69 (10th Cir. 2000). This case arises under a specific jurisdictional statute, enacted as part of the Immigration and Naturalization Act and codified at 8 U.S.C. § 1421(c). It grants jurisdiction but sets a prerequisite:**

> **A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, as the request of the petitioner, conduct a hearing de novo on the application.**

**8 U.S.C. § 1421(c). Section 1447(a) in turn provides for a hearing before an immigration officer following the denial of an application for naturalization. 8 U.S.C. § 1421(c). The district court lacks jurisdiction until such an appeal is filed. *Abiodun v. Gonzales*, 217 F. Appx. 738, 741 n. 4 (10th Cir. 2007) (district court cannot take jurisdiction until the applicant "exhaust[s] his administrative remedy of appealing the denial to an immigration officer"); *Aparicio v. Blakeway*, 302 F.3d 437, 446 (5th Cir. 2002).**

**There is no dispute that Buttaracha failed to file a request for a hearing on the denial of his naturalization request. Normally, then, this would deprive this Court of jurisdiction. However, counsel for Buttaracha argue that the United States ICE**

**deprived him of Due Process and such denial for an administrative appeal would be futile and therefore the failure to file such a request is not a jurisdictional bar.**

**The Eleventh Circuit recently refused to apply the futility defense to virtually identical facts saying:**

> **Karam argues that exhausting his administrative remedies in this case would be futile because USCIS lacks the authority to review his naturalization application at the hearing while he is in removal proceedings. *See* 8 U.S.C. § 1429. In support, Karam cites caselaw suggesting that a litigant does not have to exhaust administrative remedies that are futile or inadequate. *McCarty v. Madigan*, 503 U.S. 140, 147-48 (1992).**
>
> **"[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Here, Congress has explicitly stated that a person seeking review of a naturalization application may only seek review in a federal district court "after a hearing before an immigration officer under section 1447(a) of this title." 8 U.S.C. § 1421(c); *see also* 8 C.F.R. § 336.9 (stating that a denial of a naturalization application shall not be subject to judicial review until the applicant has exhausted the administ5rative remedies available under Section 1421). Thus, we are dealing with a statutory exhaustion requirement, and "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts. When a statute requires exhaustion a petitioner's failure to do so deprives us of jurisdiction." *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998), *vacated and remanded*, 526 U.S. 1142, *reaff'd and reinstated,*, 180 F.3d 1311 (11th Cir. 1999).**

***Karam v. United States Citizenship & Immigration Servs.*, 2010 WL 1511387 (11th Cir. 2010) (per curiam).**

**Nor can Plaintiff's due process claim fair much better. Without jurisdiction to consider Plaintiff's claims for procedural irregularities in the administrative proceedings until Plaintiff has exhausted such remedies, the Court cannot fairly judge the factual basis for this claim that the IRS documents and testimony below support his factual claims. The Government seeks to ignore the obvious discrepancies in the evidence and stands on the Court's lack of jurisdiction. While the fairness of this position can be challenged, its legal basis cannot. Exhaustion is not required when a constitutional claim against the adequacy of procedures is provided. *Haitian Refugee Center, Inc. v. Nelson*, 872 F.2d 1555, 1561 (11th Cir. 1989), *aff'd*, 478 U.S. 498 (1991). Plaintiff cannot challenge the due process of the administrative process as applied, then, until it is completed. *Kasica v. U.S. Dep't of Homeland Security*, 660 F. Supp. 2d 277, 281 (D. Conn. 2009); *Gorokhovskaya v. Dep't of Homeland Security*, 2008 WL 4735142 (D. Conn. 2008); *cf. Abiodun v. Gonzales*, 461 F.3d 1210, 1216 (10th Cir. 2006) (Applicant must provide specific evidence of legality of removal procedure.)**

**CONCLUSION**

**For the above stated reasons, Defendants' Motion to Dismiss must be Granted.**

______________________________
**BRUCE D. BLACK**
**Chief Judge**